UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LISA G. SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-CV-135 |
| v. ) | *Mattice / Lee* |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is the plaintiff's application to proceed *in forma pauperis* ("IFP"). This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the rules of this Court for consideration of the plaintiff's IFP application. The undersigned has considered the plaintiff's initial application [Doc. 1] and a supplementary application [Doc. 4] in determining whether the plaintiff is entitled to proceed with IFP status.

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of an application to proceed IFP is generally based solely on the affidavit of indigence. *See, e.g.*, *Gibson v. R. G. Smith Co.*, 915 F.3d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, he/she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial

situation will not permit him/her to pay for the costs of the litigation and also be able to provide the necessities of life for himself/herself and his/her dependents. *Adkins*, 355 U.S. at 339.

The plaintiff's affidavit here does not show she is unable to pay the $350.00 filing fee while still affording the necessities of life. The plaintiff avers she has $2500 in a checking account and $1100 in a savings account. Her assets, including $85,000 in home equity, exceed her liabilities by approximately $70,000. Her spouse's income is approximately $2000 per month, and although her itemized expenses exceed this figure by over $600, she does not appear to have difficulty affording the basic necessities of life. No doubt, the plaintiff's financial situation is strained, but I cannot find she is unable to pay the Court's filing fee. Accordingly, I **RECOMMEND** the motion to proceed IFP [Doc. 1] be **DENIED**.[1]

In order to accommodate plaintiff's financial situation, however, I further **RECOMMEND** that Plaintiff be allowed to pay the filing fee in installments of $35 per month for ten months and that the clerk be directed to file the complaint upon payment of the initial installment with the plaintiff to provide for her own service of the complaint at her own cost.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).