UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| LISA SHELTON, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 2:10-cv-135 |
| v. ) | Judge Mattice |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| *Defendant.* ) | |

**MEMORANDUM AND ORDER**

Plaintiff Lisa Shelton brought this action for judicial review of the final decision of the Commissioner of Social Security that she was not disabled under the Social Security Act. The Court referred this matter to Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and Recommendation ("R&R").

Magistrate Judge Lee entered her R&R [Court Doc. 20] on June 6, 2011, recommending that the Commissioner's Motion for Summary Judgment [Court Doc. 17] be granted, that Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 12] be denied, and that the Commissioner's decision be affirmed. Plaintiff has filed a timely objection to the R&R [Court Doc. 21].

For the reasons stated below, the Court will **OVERRULE** Plaintiff's objection and will **ACCEPT AND ADOPT** Magistrate Judge Lee's Report and Recommendation.

**I.     STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate

Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the R&R to which objections have been made, the Court will directly review the circumstances leading to the determination that Plaintiff was not disabled. *Id.*

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II.  FACTS

Magistrate Judge Lee's R&R fully sets forth the relevant facts in this case. There have been no objections to the relevant facts as set forth in the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS BY REFERENCE** the "Factual Background and ALJ's Findings" section of the R&R. (Court Doc. 20, R&R at 3-9.)

## III.  ANALYSIS

As a preliminary matter, the Court finds that many of Plaintiff's objections raise no new arguments but are simply a reargument of issues with the ALJ's decision previously raised on summary judgment which were fully addressed in the Report and Recommendation. The Court finds that further analysis of these same arguments would be merely cumulative and is unwarranted in light of Magistrate Judge Lee's well-reasoned and well-supported Report and Recommendation. The Court will briefly address the novel objections to the R&R asserted by Plaintiff.

In her first novel objection to the R&R, Plaintiff argues that the ALJ failed to mention her diagnosis of pseudoarthrosis and that this objective medical evidence of an impairment

-2-

would have made her complaints of pain credible. (Court Doc. 21, Pl.'s Objs. at 8-9.) Plaintiff takes a quote from Magistrate Judge Lee's R&R out of context to make it appear as if her analysis "places the cart before the horse" by affirming the ALJ's error in addressing the credibility of Plaintiff's complaints of pain without acknowledging the objective medical condition underlying the symptoms. (*Id.* at 8.)

Magistrate Judge Lee initially noted in the R&R that although Dr. Bolt made the diagnosis of pseudoarthrosis, "when Dr. Bolt did note increased pain, he attributed it to an aggravation, not to failed fusion surgery or a pseudoarthrosis." (R&R at 12.) Magistrate Judge Lee next noted that the mere diagnosis of a condition was not indicative of its severity and that the ALJ still had to assess the credibility of any reported symptoms associated with that impairment, and the ALJ had other sufficient reasons for doubting Plaintiff's subjective complaints of pain. (*Id.* at 12-13.) Magistrate Judge Lee found that the ALJ properly reached the conclusion that Plaintiff's complaints of pain were not fully credible because they were not fully supported by the objective evidence and were contradicted at points in the medical record, including her testimony at the hearing, her activities of daily life, her course of treatment, the state agency opinions, and her use of medication. (*Id.* at 13-14.) Finally, Magistrate Judge Lee noted that three other studies of Plaintiff's lumbar spine, reviewed by three different physicians, indicated no evidence of pseudoarthrosis. (*Id.* at 14.) Magistrate Judge Lee therefore concluded that even if the ALJ erred in failing to mention Dr. Bolt's diagnosis, he still adequately addressed Plaintiff's complaints of pain from all impairments and found that these complaints were not credible. (*Id.* at 14-15.) As such, Magistrate Judge Lee found that the ALJ's decision was supported by substantial evidence regardless of the ALJ's failure to mention this diagnosis.

The Court agrees with Magistrate Judge Lee's determination and concludes that the presence or absence of a diagnosis of pseudoarthrosis in the ALJ's report would have been inconsequential regarding the outcome and the denial of benefits. Moreover, the Court agrees with Magistrate Judge Lee's finding that the ALJ's decision was supported by substantial evidence, despite the exclusion of Dr. Bolt's diagnosis of pseudoarthrosis.

Plaintiff next objects to Magistrate Judge Lee's determination that the ALJ's decision was supported by substantial evidence because Plaintiff argues that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician, Dr. Conway, and that he erroneously gave controlling weight to the opinion of Dr. Davis, who performed Plaintiff's surgery. (Pl.'s Objs. at 9-11.) Plaintiff argues that Dr. Davis did not see Plaintiff for her back problems after releasing her to her primary care physician, Dr. Conway, and as such, his opinion cannot reflect significant objective and subjective evidence dating after that time. (*Id.* at 10.) Plaintiff asserts that the ALJ's decision to afford greater weight to Dr. Davis' opinion was inappropriate because Dr. Conway was the only physician to examine Plaintiff during the relevant period. (*Id.*)

In her R&R, Magistrate Judge Lee noted that the ALJ found Dr. Conway's opinions to be conclusory and unsupported by objective evidence. (R&R at 15.) Magistrate Judge Lee observed, as did the ALJ, that Dr. Conway may have been responding to Plaintiff's frequent complaints of pain which the ALJ found were not fully credible. (*Id.* at 16.) Magistrate Judge Lee further noted that Dr. Walwyn, who reviewed the record for the state agency in July 2007, considered Dr. Conway's statement that the claimant could not sit for more than thirty minutes at one time and rejected that statement as not substantiated by the totality of the medical record. (*Id.*) Magistrate Judge Lee finally observed that Plaintiff

-4-

provided no examples of Dr. Conway referring to objective findings or even to standards from other physicians of record to support his conclusions. (*Id.* at 16.) Therefore, Magistrate Judge Lee concluded that the ALJ had a reasonable basis for affording little weight to Dr. Conway's opinions and offered sufficient reasons to support this decision, as the opinions lacked support from the medical evidence and were at odds with the opinion of a consulting physician. (*Id.*) The Court has reviewed the record in this case and agrees with Magistrate Judge Lee's findings and conclusion that proper weight was accorded to the opinions of Dr. Conway and Dr. Davis.

Finally, Plaintiff objects to Magistrate Judge Lee's determination that the ALJ conducted a sufficient "function-by-function" analysis pursuant to SSR 96-8p. (Pl.'s Objs. at 11-14.) Plaintiff's main argument is that the ALJ did not make a specific finding as to how long Plaintiff can sit at any one length of time anywhere in his decision, and such a determination was necessary before determining whether Plaintiff can perform past relevant work. (*Id.* at 11-13.) Magistrate Judge Lee found that because the ALJ determined that Plaintiff could perform a full range of sedentary work, he also found, by definition, that Plaintiff was able to sit for extended periods of time. (R&R at 18.) Further, as noted above, Magistrate Judge Lee explained that Plaintiff's testimony was not credible to the ALJ and Dr. Conway's opinion was not supported by objective medical evidence, such that their opinions as to how long Plaintiff could sit were appropriately accorded little weight. (*Id.*) Finally, any testimony or opinion that Plaintiff was unable to sit long enough to perform her previous work was at odds with treatment notes and opinions of other medical professionals, specifically Dr. Davis and Dr. Bolt, which further cast doubt on the credibility of Plaintiff and the amount of weight afforded to Dr. Conway's opinion. (*Id.*)

Accordingly, Magistrate Judge Lee found that the ALJ's narrative discussion was sufficient to meet the requirements set forth in SSR 96-8p and adequately explained the basis for his determination that Plaintiff was able to perform past, relevant work.

Accordingly, the Court agrees with Magistrate Judge Lee's conclusion that the ALJ's failure to mention a diagnosis of pseudoarthrosis was harmless and did not impact the determination of Plaintiff's denial of benefits, that the ALJ properly gave little weight to the opinion of Dr. Conway, and that the ALJ sufficiently assessed Plaintiff's ability to perform past relevant work. The Court thus concludes that the Commissioner's decision was supported by substantial evidence. Plaintiff's objections to Magistrate Judge Lee's R&R are **OVERRULED** and Magistrate Judge Lee's recommendation that the Commissioner's decision be affirmed is **ACCEPTED and ADOPTED**. The Commissioner's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

- Plaintiff's Objection [Court Doc. 21] to Magistrate Judge Lee's Report and Recommendation is **OVERRULED**;

- Magistrate Judge Lee's Report and Recommendation [Court Doc. 20] is **ACCEPTED AND ADOPTED** in its entirety;

- The Commissioner's Motion for Summary Judgment [Court Doc. 17] is **GRANTED**;

- Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 12] is **DENIED**;

and

- The Commissioner's decision is **AFFIRMED**.

**SO ORDERED** this 15th day of July, 2011.

                                        */s/Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE